# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

EDWARD RESNICK and ACCESS NOW, INC.,

    Plaintiff,

v.

SIMON BRENSON d/b/a OASIS CAFÉ,

    Defendant.
_____/

CASE NO. 02-22385-CIV-MOORE
(Magistrate Judge O'Sullivan)

**MEMORANDUM IN OPPOSITION TO MOTION FOR FEES AND COSTS**

    The putative Defendant, OASIS CAFÉ, again objects to the Plaintiff's motion for attorney's fees and costs. This case was brought under the American with Disabilities Act ("ADA") relating to the premises operated as the restaurant "Oasis Café" (the named individual Defendant has nothing to do with the restaurant and has not been involved with it for many years). All of the accessibility issues alleged in the Complaint were corrected prior to the filing of the Complaint. The impetus for these corrections was a violation issued to Oasis Café by the City of Miami Beach, apparently the result of a letter to the City from the Plaintiff. Following the improvements, the City gave the Oasis Café final approval as to all accessibility issues April 26, 2001, some five months prior to the filing of this action.

    The prior corrective measures, and ADA compliance, were specifically noted in the Answer to the Complaint, and this action was filed without any other prior notice to or curative opportunity by Oasis Café. Oasis Cafe never, at any time, objected to or resisted the alleged ADA required remedial work; and, indeed, it seems that at least one of the Plaintiff's original demands (e.g. a ramp to a small elevated dining area) was in fact not consistent with the ADA's requirements though they too were performed by Oasis Café, to its detriment (loss of space).

    Consequently, the Plaintiff's claim for attorneys' fees and costs should not lie against the Defendant or the premises - there was no need to bring this action and, contrary to the allegations of the Plaintiffs' motion, there was no prior notice, except

the City's, given to the Oasis Café that the Plaintiffs had any complaint against it regarding the premises' accessibility (and no prior notice is alleged in the Complaint). As the United States Supreme Court has held, in rejecting the "catalyst" theory for the recovery of attorneys' fees and costs, fees are not necessarily to be assessed against a defendant in an ADA case when there is voluntary compliance with the ADA's requirements. *See Buchanon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598 (2001). Though the Court there also noted that a settlement agreement *may* support such an award, as noted by the Plaintiff.

The settlement stipulation entered into in this case merely memorialized what had already been accomplished - voluntarily - at the Oasis Café restaurant premises in order to bring the premises into compliance with all, even alleged, ADA requirements, most of it prior to the filing of this case. The settlement was to avoid further unnecessary litigation, including a costly mediation and then trial of this case. Indeed, the terms of the instant settlement -- and the restaurant's cooperation -- went well beyond the allegations of the Complaint.

Oasis Café again requests that the Court deny the Plaintiff's claim for fees and costs. In the alternative, Oasis Café requests that this Court well consider and reduce the amounts claimed by the Plaintiff for attorneys' fees on the basis that there was much unnecessary work and that the hourly fee charged for an inexperienced associates was excessive.

## Certificate of Service

I certify that a copy of this was faxed and mailed to the Plaintiff's attorney, **Gregory E. Schwartz**, 4030-C Sheridan Street, Hollywood, Florida 33021, on February 19, 2004.

> Bradshaw Lotspeich
> Florida Bar No. 380288
> 443 Española Way, Suite 201
> Miami Beach, Florida 33139
> Telephone (305) 531-3999
> Fax (305) 418-7533